NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICKSON-HALL CONSTRUCTION COMPANY, a California Corporation, | No. 19-55319 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02462-GPC-MSB |
| v. | |
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation; SCOTTSDALE INSURANCE COMPANY, a Ohio Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 3, 2020[**]
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Erickson-Hall Construction Co. appeals the district court's grant of the motions to dismiss filed by Defendant-Appellees Scottsdale Insurance Company and Hartford Fire Insurance Company. Erickson-Hall provided its employees with life and disability insurance benefits by purchasing and administering policies issued by third-party insurers to its employees ("Employee Benefits Plans"). To cover risks of loss arising from potential mistakes in administering the Employee Benefits Plans, Erickson-Hall obtained "fiduciary liability" insurance coverage from Scottsdale and Hartford. The district court held that because Erickson-Hall incurred its claimed losses as a result of its contractual obligation to employees to provide the Employee Benefits Plans, any claim for indemnification and coverage would fall outside the scope of the insurance policies issued by Hartford or Scottsdale. For the reasons discussed below, both elements of this holding are erroneous. We therefore reverse the district court's decision and remand for further proceedings.

First, it is not correct that Erickson-Hall's claimed losses were amounts it owed under a preexisting contractual obligation. Erickson-Hall contracted with its employees to administer the Employee Benefits Plans (which were issued by third-party insurers), not to make benefit payments under the Employee Benefits Plans when coverage is owed. Thus, Erickson-Hall's claimed losses were not "amounts [Erickson-Hall was] obligated to pay [its employees] by contract, independent of

2

any Wrongful Act." *Health Net, Inc. v. RLI Ins. Co.*, 141 Cal. Rptr. 3d 649, 665 (2012), *as modified on denial of reh'g* (June 12, 2012). To the contrary, *but for* the allegedly negligent acts of Erickson-Hall's Controller, the premiums would have been paid, the Employee Benefits Plans would have been in effect, and the employees' benefits would have been paid by third-party insurers. In the absence of such alleged negligence, Erickson-Hall would never have been liable for the claimed loss amounts.

Second, under California law, an insured's losses for breach of contract are not uninsurable as a matter of law. *Vandenberg v. Superior Court*, 982 P.2d 229, 244 (Cal. 1999) (rejecting "the ex contractu/ex delicto distinction."). Rather, "[t]he nature of the damage and the risk involved, in light of particular policy provisions, control coverage." *Id.* Here, both insurance policies provide coverage for an error or omission in Erickson-Hall's "[a]dministration" of its employee benefits, including "[g]iving counsel" to (or "counseling") employees as to their participation in such benefits and "[h]andling records in connection" with such benefits.

The complaint alleges facts sufficient to show that the Controller utterly failed to counsel employees that their Employee Benefits Plans had lapsed on account of nonpayment of premiums. This constitutes an "omission" in the Employee Benefits Plans' "administration" that resulted in an "employee benefits

3

injury" or a "Loss," as defined by each policy.  The complaint also alleges that the Controller mishandled documentation—by failing to receive and process premium invoices, deduct premium amounts from employees' paychecks, and paying premiums on behalf of Erickson-Hall and its employees—with respect to the plans. This constitutes another "error" or "omission" in the Employee Benefits Plans' "administration."  Thus, the "nature of the damage and the risk" that Erickson-Hall sought to cover, *id.*, was exactly that which did in fact transpire: The Employee Benefit Plans were negligently administered, resulting in a loss to Erickson-Hall.

Accepting these factual allegations as true for the purposes of deciding the insurers' motions, *see* Fed. R. Civ. P. 12(b)(6); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016), Erickson-Hall has carried its burden that the loss falls within the basic scope of coverage.  However, the district court did not consider Hartford's or Scottsdale's arguments that certain policy exclusions bar coverage.  *See Royal Globe Ins. Co. v. Whitaker*, 226 Cal. Rptr. 435, 437 (1986). We therefore reverse the district court's dismissal and remand for reconsideration of the insurers' arguments as to exclusions that were raised in support of their respective motions to dismiss.

**REVERSED AND REMANDED.**